### The State of Louisiana *v.* The Judge of the Sixth District Court of New Orleans, Praying for a Mandamus.

Article 583 of the Code of Practice does not make it imperative, in all cases, upon the judge who grants an appeal, to make it returnable at the next term of the appellate court. It provides that if there be not sufficient time to admit of the citation of the appellee to appear before the Court of Appeal at its next term, owing to the distance of his domicil from the place where the court is held, he shall be cited to appear before the Court of Appeal at the subsequent term.

Where an appeal is applied for at the close of the month, or where the pressure of business renders it impracticable to make out the transcript in time to be filed in the next month in the Supreme Court, it is not unusual for the District Courts of New Orleans to fix the return day of the appeal the month after the next.

Article 883 of the Code of Practice, gives the Supreme Court the right to extend the time for bring-ing up the appeal, beyond that fixed by the court of the first instance; but it is not necessary that the district judge should refer the appellant to the Supreme Court for an extension of time, for bringing up his appeal when the impossibility of doing so at the next monthly term may be known before the appeal is granted.

It is an extremely delicate matter for the Supreme Court to interfere with the discretionary powers of the inferior tribunals.

APPEAL from the Sixth District Court of New Orleans, *Colton,* J. *Labatt,* for the petitioner and appellant.

Buchanan. J. The relator having filed a petition of appeal in the Sixth District Court of New Orleans, on the 21st December, 1853, an order of appeal was thereupon granted by the Judge of that Court, and the return day of the appeal was fixed in the order, for the second Monday of February, 1854.

The relator complains of this as a denial of justice, alleging that, by law, the appeal should have been made returnable at the next term of the Appellate Court, to wit, in January. He prays for the process of *mandamus* to compel the District Judge to alter his order, and to make the appeal returnable on the fourth Monday of January instant. The petition particularly charges, that there was ample time to cite the appellee for the January term.

The Article 583 of the Code of Practice, does not make it imperative, in all cases, upon the judge who grants an appeal, to make it returnable at the next term of the appellate court. It provides, that if there be not sufficient time to admit of the citation of the appellee to appear before the Court of Appeal at its next term, owing to the distance of his domicil from the place where the court is held, he shall be cited to appear before the court of appeal at the sub-sequent term.

It thus appears that there is a discretion vested by law in the judge, depend-ing upon the fact of the domicil of the appellee. We are not disposed to inquire into the state of facts upon which that discretion has been exercised in the present instance, although an issue of fact seems to be presented by this petition. It is an extremely delicate matter to interfere with the discretionary powers of the inferior tribunals. That discretion must be governed by the circumstances of each particular case; circumstances which can scarcely ever be perfectly known to an appellate court.

Neither are we prepared to say, that there are no other cases than that of the domicil of the appellee being at a distance from the Court of Appeal, in which the judge of the first instance may extend the return day of the appeal beyond the next term. The instances are not unusual in the practice of the district courts of New Orleans, when an appeal is applied for in the close of a month, of the return day being fixed in the month after the next. The pres-

sure of the business in those courts is frequently such, as to render it impracticable to make out the transcript in time to be filed in the next month in the Supreme Court. It is not perceived that the interests of justice imperatively require that the District Judge should refer the appellant to the Supreme Court for an extension of time for bringing up his appeal, when the impossibility of doing so at the next monthly term may be known before the order of appeal granted.

Article 883 of the Code of Practice, gives this court the right to extend the time for bringing up the appeal beyond that fixed by the court of the first instance. No article has conferred, in express terms, the power of restricting it to a shorter period. Did we perceive a necessity of interfereing, for the purpose of protecting the appellate jurisdiction of the court, the writ of *mandamus* is the proper means of effecting that object. But the circumstances of this case, as detailed in the petition of relator, do not disclose such necessity.

It is therefore ordered, adjudged and decreed, that the application for a writ of *mandamus* in this case, be refused at the applicant's cost.